**VEDDER PRICE (CA), LLP**
Candice T. Zee, Bar No. 227453
czee@vedderprice.com
Grace L. Urban, *pro hac vice*
gurban@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T:  +1 424 204 7700
F:  +1 424 204 7702

Attorneys for Defendant
ADVENTIST HEALTH AND RIDEOUT

**ELLIS LAW GROUP LLP**
Mark E. Ellis, Bar No. 127159
mellis@ellislawgroup.com
Anthony P.J. Valenti, Bar No. 284542
avalenti@ellislawgroup.com
1425 River Park Drive, Suite 400
Sacramento, CA 95815
T: +1 916 283 8820
F: +1 916 283 8821

Attorneys for Plaintiff
  GLENDA HRONES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GLENDA HRONES,<br><br>                    Plaintiff,<br><br>          v.<br><br>RIDEOUT MEMORIAL HOSPITAL DBA ADVENTIST HEALTH AND RIDEOUT, and DOES 1 through 10,<br><br>                    Defendant. | Case No. 2:20-CV-0449-KJM-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:      Chief District Judge Kimberly J.<br>                   Mueller<br>Magistrate:  Judge Kendall J. Newman<br><br>Trial Date: None Set<br>Date Action Filed: February 27, 2020 |

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiff Glenda Hrones and Defendant Rideout Memorial Hospital d/b/a Adventist Health and Rideout (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Chief Judge Kimberly J. Mueller's Standing Order and Local Rule 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.     <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve proprietary and confidential personnel information, medical information, and other financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, including but not limited to information regarding confidential business practices or commercial information (including information implicating privacy rights of third parties, including but not limited to, personnel information and health information), and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties

are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1      Action:  *Glenda Hrones v. Rideout Memorial Hospital d/b/a Adventist Health & Rideout*, Case No. 2:20-CV-0449-KJM-KJN (E.D. Cal.).

2.2      Court:  Chief District Judge Kimberly J. Mueller, Magistrate Judge Kendall J. Newman, or any other judge to which this Action may be assigned, including the Court staff participating in such proceedings.

2.3      Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.4      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. CONFIDENTIAL information includes any documents, testimony or information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law, including HIPAA.

2.5      Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6      Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

2.7      Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     "HIGHLY CONFIDENTIAL" Information or Items:  Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. HIGHLY CONFIDENTIAL information includes Confidential Information or Items that the Designating Party in good faith believes contains trade secrets, confidential, and/or proprietary information of the most sensitive nature, including, without limitation, documents pertaining to confidential litigation matters unrelated to Plaintiff and/or information that qualifies for protection pursuant to HIPAA.

2.10    House Counsel:  Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.13    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    HIPAA:  the Health Insurance Portability and Accountability Act of 1996.

2.19    Information:  the content of

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items,

1   or oral or written communications that qualify so that other portions of the material, documents,

2   items, or communications for which protection is not warranted are not swept unjustifiably within

3   the ambit of this Order.

4        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

5   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

6   unnecessarily encumber the case development process or to impose unnecessary expenses and

7   burdens on other Parties) may expose the Designating Party to sanctions.

8        If it comes to a Designating Party's attention that information or items that it designated for

9   protection do not qualify for protection, that Designating Party must promptly notify all other

10   Parties that it is withdrawing the inapplicable designation.

11        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

12   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

13   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

14   designated before the material is disclosed or produced.

15        Designation in conformity with this Order requires:

16        (a)    for information in documentary form (e.g., paper or electronic

17   documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

18   Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL" (hereinafter "legend"), to each page that contains protected material.  If only a

20   portion or portions of the material on a page qualifies for protection, the Producing Party also must

21   clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

22        A Party or Non-Party that makes original documents available for inspection need not

23   designate them for protection until after the inspecting Party has indicated which documents it

24   would like copied and produced.  During the inspection and before the designation, all of the

25   material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting

26   Party has identified the documents it wants copied and produced, the Producing Party must

27   determine which documents, or portions thereof, qualify for protection under this Order.  Then,

28   before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL

1  legend" to each page that contains Protected Material.  If only a portion or portions of the material

2  on a page qualifies for protection, the Producing Party also must clearly identify the protected

3  portion(s) (e.g., by making appropriate markings in the margins).

4          (b)     for testimony given in depositions that the Designating Party identify

5  the Disclosure or Discovery Material on the record, before the close of the deposition, all protected

6  testimony; or, designate the entirety of the testimony at the deposition as "CONFIDENTIAL" or

7  "HIGHLY CONFIDENTIAL," before the close of the deposition, with the right to identify more

8  specific portions of the testimony as to which protection is sought within 30 days following receipt

9  of the deposition transcript.  In circumstances where portions of the deposition Testimony are

10  designated for protection, the transcript pages containing "Confidential" or "Confidential -

11  Attorneys' Eyes Only" Information may be separately bound by the court reporter, who must affix

12  to the top of each page the legend "Confidential," as instructed by the Designating Party.

13          (c)     for information produced in some form other than documentary and

14  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

15  the container or containers in which the information is stored the legend "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection,

17  the Producing Party, to the extent practicable, shall identify the protected portion(s).

18          5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure

19  to designate qualified information or items does not, standing alone, waive the Designating Party's

20  right to secure protection under this Order for such material.  Upon timely correction of a

21  designation, the Receiving Party must make reasonable efforts to assure that the material is treated

22  in accordance with the provisions of this Order.  Correction is timely if the Producing Party gives

23  written notice of such inadvertent failure to designate within twenty (20) days of discovery of the

24  inadvertent protection, together with a further copy of the subject document, testimony or

25  information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (the "Inadvertent

26  Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received

27  the inadvertently produced information or material shall promptly destroy the inadvertently

28  produced information or material and all copies thereof, or, at the expense of the Producing Party,

return such together with all copies to counsel for the Designating Party and shall retain only the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designated materials. Should the Receiving Party choose to destroy such inadvertently produced materials or information, the Receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of materials or information, such law shall govern.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the informal dispute resolution process set forth in Chief Judge Kimberly J. Mueller's Standing Order. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/standing-orders/.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in

1  a secure manner that ensures that access is limited to the persons authorized under this Order.

2        7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

3  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

4  disclose any information or item designated "CONFIDENTIAL" only to:

5       (a)   the Receiving Party's Outside Counsel of Record in this Action, as

6  well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

7  the information for this Action;

8       (b)   the officers, directors, and employees (including House Counsel) of

9  the Receiving Party to whom disclosure is reasonably necessary for this Action;

10       (c)   Experts (as defined in this Order) of the Receiving Party to whom

11  disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and

12  Agreement to Be Bound" (Exhibit A);

13       (d)   the Court and its personnel;

14       (e)   court reporters and their staff;

15       (f)   professional jury or trial consultants, mock jurors, and Professional

16  Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18       (g)   the author or recipient of a document containing the information or a

19  custodian or other person who otherwise possessed or knew the information;

20       (h)   during their depositions, witnesses, and attorneys for witnesses, in

21  the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests

22  that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to

23  keep any confidential information unless they sign the "Acknowledgment and Agreement to Be

24  Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

25  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

26  may be separately bound by the court reporter and may not be disclosed to anyone except as

27  permitted under this Stipulated Protective Order; and

28

1          (i)       any mediator or settlement officer, and their supporting personnel,

2     mutually agreed upon by any of the Parties engaged in settlement discussions.

3          7.3       Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.  Unless

4     otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

5     may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

6          (a)       the Receiving Party's Outside Counsel of Record in this Action, as

7     well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

8     the information for this Action;

9          (b)       Up to three (3) House Counsel of the Receiving Party directly

10    assisting that Party's outside counsel in the defense of this Action, as well as employees of said

11    House Counsel or Record's to whom it is reasonably necessary to disclose the information for this

12    Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13         (c)       Experts (as defined in the Stipulated Protective Order) to whom

14    disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and

15    Agreement to Be Bound" (Exhibit A), and who are not known to be competitors of any Party or

16    employed by a competitor of any Party;

17         (d)       the Court and its personnel;

18         (e)       court reporters or videographers, and their staff;

19         (f)       professional jury or trial consultants, mock jurors, and Professional

20    Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

21    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22         (g)       the author or recipient of a document containing the information or a

23    custodian or other person who otherwise possessed or knew the information;

24         (h)       during their depositions, witnesses, and attorneys for such witnesses,

25    in the Action to whom disclosure is reasonably necessary, provided that (1) counsel for the

26    Designating Party shall be informed that the witness will be shown such Protected Material before

27    the designated information is shown to the witness, to give counsel for the designating party an

28    opportunity to object, (2) if an objection to showing the designated information to the witness is

made, the designated material shall not be shown to the witness until the Court rules on the objection; and (3) if the witness is to be shown such Protected Material, the witness and the witness's attorney shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order); and (4) the witness and the witness's attorney will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)      promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party, if requested.

(c)      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The entry of this Stipulation and Order does not alter, waive, modify or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine or other privileges, or any Party's right to contest any such assertion.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.     MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

1    Similarly, no Party waives any right to object on any ground to use in evidence of any of the

2    material covered by this Protective Order.

3         12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected

4    Material must comply with Chief Judge Kimberly J. Mueller's Standing Order and Local Rule 141

5    .  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing

6    of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal

7    is denied by the Court, then the Receiving Party may file the information in the public record unless

8    otherwise instructed by the Court.

9         13.    FINAL DISPOSITION

10    After the final disposition of this Action, as defined in paragraph 4, within 60 days of a

11    written request by the Designating Party, each Receiving Party must return all Protected Material

12    to the Producing Party or destroy such material.  As used in this subdivision, "all Protected

13    Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing

14    or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

15    the Receiving Party must submit a written certification to the Producing Party (and, if not the same

16    person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

17    where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

18    Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

19    reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel

20    are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

21    transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

22    work product, and consultant and expert work product, even if such materials contain Protected

23    Material.  Any such archival copies that contain or constitute Protected Material remain subject to

24    this Protective Order as set forth in Section 4 (DURATION).

25         14.    Any violation of this Order may be punished by any and all appropriate measures

26    including, without limitation, contempt proceedings and/or monetary sanctions.

27

28

1          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: October 26, 2020              VEDDER PRICE (CA), LLP

4

5                         By:*/s/Grace L. Urban* [1]
                          Candice T. Zee

6                              Grace L. Urban

7                         Attorneys for
                     ADVENTIST HEALTH AND RIDEOUT

8    Dated: October 26, 2020              ELLIS LAW GROUP LLP

9

10                        By:*/s/ Anthony P.J. Valenti* *(as authorized on*
                     *10.26.20)*

11                             Mark E. Ellis

12                             Anthony P.J. Valenti

13                          (As authorized on 10/26.20).

14                        Attorneys for
                     GLENDA HRONES

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] Filer attests that all other signatories listed and on whose behalf this stipulation is filed concur in the filing's content and have authorized the filing.

1

**<u>ORDER</u>**

2          The court has reviewed the parties' stipulated protective order, which comports with the

3   relevant authorities and the court's applicable local rule.  <u>See</u> L.R. 141.1(c);[2] <u>see also</u> <u>Phillips ex</u>

4   <u>rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the

5   public can gain access to litigation documents and information produced during discovery unless

6   the party opposing disclosure shows 'good cause' why a protective order is necessary.")

7   Therefore, the court GRANTS the request subject to the following clarification.

8          This court's Local Rules indicate that once this action is closed, "unless otherwise

9   ordered, the court will not retain jurisdiction over enforcement of the terms of any protective

10  order filed in that action." L.R. 141.1(f).  Courts in the district generally do not agree to retain

11  jurisdiction after closure of the case.  <u>See</u>, <u>e.g.</u>, <u>MD Helicopters, Inc. v. Aerometals, Inc.</u>, 2017

12  WL 495778 (E.D. Cal., Feb. 03, 2017).  Based on this rationale, the court will not retain

13  jurisdiction over this protective order once the action is closed.

14  Dated:  October 27, 2020

15

16                                                     _____
                                                       KENDALL J. NEWMAN
                                                       UNITED STATES MAGISTRATE JUDGE
17  hron.449

18

19

20

21

22          _____
            [2] The Court's Local Rules instruct the parties, when requesting a protective order, to
23  include in their submission:
            (1) A description of the types of information eligible for protection under the
24              order, with the description provided in general terms sufficient to reveal the
                nature of the information (e.g., customer list, formula for soda, diary of a
25              troubled child);
            (2) A showing of particularized need for protection as to each category of
26              information proposed to be covered by the order; and
            (3) A showing as to why the need for protection should be addressed by a court
27              order, as opposed to a private agreement between or among the parties.

28  Local Rule 141.1(c).

STIPULATED PROTECTIVE ORDER
CASE NO. 2:20-CV-0449-KJM-KJN

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Glenda Hrones v. Rideout Memorial Hospital d/b/a Adventist Health & Rideout*, Case No. 2:20-CV-0449-KJM-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed Name: _____

Signature: _____