UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Glenda Hrones, | No. 2:20-cv-00449-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Rideout Memorial Hospital DBA Adventist Health and Rideout, et al., | |
| Defendants. | |

Glenda Hrones alleges she was wrongfully forced to resign from her position as a nurse at Rideout Memorial Hospital in late 2017.  She filed this action against the hospital in state court.  *See generally* Compl., Not. Removal Ex. A, ECF No. 1-1.  She asserts five claims, all under California law: age discrimination, retaliation, constructive discharge, fraud, and intentional infliction of emotional distress.  *See generally* Second Am. Compl., Not. Removal Ex. A, ECF No. 1-1.  After two amendments to her complaint, the hospital removed the case to this court.  *See generally* Not. Removal, ECF No. 1.  The hospital now moves for summary judgment.  *See generally* Mot., ECF No. 26; Mem., ECF No. 27.  Ms. Hrones opposes the motion, and the hospital has replied.  *See generally* Opp'n, ECF No. 31; Reply, ECF No. 35.

1

Before resolving the hospital's motion, this court must ensure it has jurisdiction to do so, regardless of the parties' positions and arguments. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The hospital advanced two jurisdictional theories in its notice of removal.

First, it claimed Ms. Hrones's retaliation and fraud claims were, in practical effect, based on a theory that the hospital had violated a collective bargaining agreement. *See* Not. Removal ¶ 11. The hospital interpreted Ms. Hrones's retaliation claim as alleging discrimination and harassment in retaliation for her efforts to organize a union. *See id.* ¶ 15. The hospital's collective bargaining agreement prohibits "discrimination by the Employer or the Union against any covered Nurse on account of membership or non-membership in the Union, or on account of lawful activity on behalf of or in opposition to the Union." *Id.* ¶ 16. The hospital interpreted Ms. Hrones's fraud claim as alleging the hospital had deceived her into waiving her rights to challenge her termination. *See id.* ¶ 19. The hospital's collective bargaining agreement creates a grievance procedure for disputes "concerning the interpretation or application of" its provisions. *See id.* ¶ 20. By the hospital's reasoning, the fraud claim could not be adjudicated without deciding whether it had violated these grievance provisions. *See id.* ¶¶ 21–22.

This first argument rested on a plausible theory of federal jurisdiction. The Supreme Court has held that state law claims arise under federal law—that is, under section 301 of the Labor Management Relations Act—if those claims rest on alleged violations of a collective bargaining agreement or are "substantially dependent" on an analysis of such an agreement. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (quoting *Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 859 n.3 (1987)); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 206 (1985). "In such a case, the action may be removed to federal court even if an otherwise adequate state cause of action may exist." *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987). If this court had original jurisdiction over the retaliation and fraud claims, it could adjudicate Ms. Hrones's remaining claims if they all related to the same "case or controversy" about her resignation and what caused it. 28 U.S.C. § 1367(a).

By contrast, the hospital's second theory of this court's removal jurisdiction was not viable. It argued Ms. Hrones's retaliation claim was preempted by the National Labor Relations

1  Act (NLRA) under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), because
2  the NLRA protected the union organizing activities she described in that claim.  *See* Not.
3  Removal ¶¶ 25–28.  In *Garmon*, the Supreme Court held that "[s]tates may not regulate activity
4  that the NLRA protects, prohibits, or arguably protects or prohibits." *Wisconsin Dep't of Indus.,*
5  *Lab. & Hum. Rels. v. Gould Inc.*, 475 U.S. 282, 286 (1986).  The Ninth Circuit has held that a
6  defendant cannot remove an action to federal court by virtue of an affirmative defense under
7  *Garmon*.  *See Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1269–71 (9th Cir. 1994); *Ethridge v.*
8  *Harbor House Rest.*, 861 F.2d 1389, 1400 (9th Cir. 1988).

9    As a result, this court's jurisdiction has rested solely on the hospital's claim that at least
10 one of the state law claims in Ms. Hrones's complaint was preempted under section 301 of the
11 Labor Management Relations Act.  To establish this court's jurisdiction under that theory, the
12 hospital must be able to show at least one of her claims was either "founded directly on rights
13 created by collective-bargaining agreements" or "'substantially dependent on analysis of a
14 collective-bargaining agreement.'"  *Caterpillar*, 482 U.S. at 394 (quoting *Franchise Tax Bd.*, 463
15 U.S. at 23).  Conversely, this court does not have jurisdiction if Ms. Hrones's claims can be
16 resolved without interpreting a collective bargaining agreement.  *See Lingle v. Norge Div. of*
17 *Magic Chef, Inc.*, 486 U.S. 399, 409–10 (1988).  In that event, the court would remand this action
18 to state court.  *See, e.g.*, *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693–97 (9th Cir.
19 2001); *Galvez v. Kuhn*, 933 F.2d 773, 776–81 (9th Cir. 1991).

20   As the party invoking federal jurisdiction, the hospital bears the burden of establishing
21 this court's jurisdiction "with the manner and degree of evidence required at the successive stages
22 of the litigation"—that is, with allegations at the pleadings stage, with record citations at
23 summary judgment, and with evidence at trial. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561
24 (1992).  Despite that burden, and despite the hospital's original contention that Ms. Hrones's
25 retaliation and fraud claims could not be adjudicated without interpreting a collective bargaining
26 agreement, it has not now attempted at summary judgment to demonstrate the viability of its
27 jurisdictional allegations under section 301.  Instead, it argues Ms. Hrones's claims are preempted
28 under *Garmon*, *see* Mem. at 9–11, that her claims are time-barred, *see id.* at 11, and that she

cannot prove her claims under the standards of California law. *See id.* at 12–20. In fact, the hospital argues Ms. Hrones was not even a member of a union "during the last three to five years of her employment." *Id.* at 3–4. If these arguments ultimately prevail, then it would appear the hospital has demonstrated this court does not have jurisdiction. Rather, it would have proven Ms. Hrones's claims can be adjudicated without consulting any collective bargaining agreement.

This court cannot take further action in this case if it has no jurisdiction to do so. The hearing on the hospital's motion for summary judgment is thus **vacated and reset for February 11, 2022 at 10:00 a.m.** before the undersigned. **Within seven days**, the hospital shall submit a supplemental brief of no more than ten pages showing why this court has jurisdiction over this action. **Within fourteen days**, Ms. Hrones may file a supplemental responsive brief of the same length.

IT IS SO ORDERED

DATED: January 18, 2022.

CHIEF UNITED STATES DISTRICT JUDGE